**Vernon MASSINGILL, Plaintiff–Appellant,**

v.

**OHIO ADULT PAROLE AUTHORITY, Defendant–Appellee.**

No. 01–3348.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Vernon Massingill, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Massingill sued the Ohio Adult Parole Authority. Massingill asserted that a parole officer, Allen Cameron, had sexually harassed him while he was on parole. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, reasoning that the state is not a person under § 1983. The district court thereafter denied Massingill's post-judgment motion to amend his complaint.

In his timely appeal, Massingill reasserts his claim and argues that the district court erred by not permitting him to amend his complaint. Massingill moves for the appointment of counsel.

Upon de novo review, we conclude that the district court properly dismissed Massingill's claim for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997); *Wright v. Metro-Health Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995).

To state a § 1983 claim, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). However, the Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See generally Welch v. Texas Dep't of Highways and Public Transp.,* 483 U.S. 468, 472–74, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, nor a state official sued in his official capacity is a "person" who is subject to suit under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Hence, the district court properly dismissed the complaint for failure to state a claim because Massingill named a state agency as the sole defendant and did not sue individual state officials in their individual capacities.

We further conclude that the district court did not abuse its discretion by denying Massingill's motion to amend. *See Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1041 (6th Cir.1991). A motion to amend a complaint may be considered by the district court even though judgment has already been entered. *Id.* However, a district court should deny a motion to amend where the proposed amended complaint could not withstand a Fed.R.Civ.P. 12(b)(6) motion. *Id.*

In his proposed complaint, Massingill merely sought to add state officials, in their official capacities, as defendants. As noted above, state officials sued in their official capacities are not "persons" subject to suit under § 1983. Thus, an amended complaint would not have withstood a motion to dismiss.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.